IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BOBBY W. COLLINS, <br> d/b/a COLLINS LOGGING, <br><br> Plaintiff, <br><br> v. <br><br> FIDELITY SECURITY LIFE <br> INSURANCE CO., and EMPLOYER'S <br> UNDERWRITERS, INC., <br><br> Defendants. | Case No. CV-01-TMP-3371-NE |

**MEMORANDUM OPINION**

This action is before the court on a motion for summary judgment[1] filed by defendant Employer's Underwriters, Inc., ("EU") on December 28, 2001. The parties have consented by stipulation to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). The motion has been supported by a brief and evidence. Plaintiff failed to timely file a brief or offer evidence in opposition to the motion. Having reviewed the motion,

---

[1] The motion is set forth as a motion to dismiss or, in the alternative, for summary judgment. Because the motion is supported by an affidavit, the court construes the motion as one for summary adjudication pursuant to Federal Rule of Civil Procedure 56.

the brief, and the evidence presented by the parties, the court finds that the motion for summary judgment is due to be granted.

## DISCUSSION

The plaintiff's complaint states two claims: (1) breach of contract and (2) bad faith failure to pay an insurance claim. The claims arise from an incident in which an employee of Collins Logging was injured and subsequently filed a claim pursuant to the insurance provided by the employer.

It is undisputed that the contract of insurance at issue in this action is a contract between the plaintiff and Fidelity Security Life Insurance Company ("Fidelity"). Plaintiff concedes that the contract is between plaintiff and Fidelity, and that EU is not an insurer, but is an insurance broker. Accordingly, there is no dispute as to the fact that EU is not a party to the insurance contract.

It is clear that under Alabama law, only a party to the contract may be liable for a breach thereof. See, e.g., Congress Life Insurance Co. v. Barstow, 799 So. 2d 931 (Ala. 2001)(an essential element of any breach of contract is the existence of a valid contract binding the parties). Moreover, if plaintiff cannot prevail on a breach of contract claim, their bad faith claim

likewise must fail because, under Alabama law, the breach of the insurance contract is an element of any bad faith claim. <u>See, e.g.</u>, <u>Ex parte Alfa Mutual Ins. Co.</u>, 799 So. 2d 957, 962 (Ala. 2001).

## CONCLUSION

Accordingly, consistent with the foregoing discussion of the evidence presented in support of the motion for summary judgment, this court determines that defendant's motion for summary judgment (court document #4) against plaintiff is due to be granted and all claims against defendant EU are due to be dismissed with prejudice.

A separate order will be entered herewith granting summary judgment in favor of EU on all of plaintiff's claims.

Dated the 8th of March, 2002.

T. MICHAEL PUTNAM
CHIEF MAGISTRATE JUDGE